United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Criminal Case No. 21-20455-CR-Scola |
| | ) | |
| Sonny Guerrier, | ) | |
| Defendant. | ) | |

### Order Denying Defendant's Motion for Compassionate Release

Now before the Court is Defendant Sonny Guerrier's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot., ECF No. 58.) The Government has responded opposing the motion, submitting that Guerrier has failed to (1) establish extraordinary and compelling reasons for a sentence reduction and (2) show the 18 U.S.C. § 3553(a) factors warrant a sentence reduction. (Gov.'s Mot., ECF No. 59.) After review and for the reasons set forth below, the Court **denies** Guerrier's motion. (**ECF No. 58**.)

In January 2022, Guerrier entered into a written plea agreement with the Government wherein he pled guilty to one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Paperless Min. Entry, ECF No. 54; Fact. Proffer, ECF No. 48; Plea Agree., ECF No. 47; Indictment, ECF No. 3.) Based, in part, on Guerrier's criminal history, which includes a 2010 conviction for possession of 20 grams or less of cannabis in violation of Florida law, his advisory guideline range was between 78 and 97 months. (Def.'s Mot. 3-5, ECF No. 58.) In April 2022, the Court sentenced Guerrier to 97 months in prison, followed by three years of supervised release. (J. 2-3, ECF No. 55.) As of the filing of his motion, Guerrier had served about 16% of his sentence.

Given that the Government does not raise a failure to exhaust administrative remedies argument, for purposes of the instant order the Court assumes, without deciding, that the administrative exhaustion requirement has been fulfilled. Regardless, as set forth below, the Court finds release according to § 3582(c)(1)(A)(i) is not appropriate in this case for the following reasons.

Guerrier has not met his burden of showing "extraordinary and compelling reasons" supporting his release. In his motion, Guerrier seeks a reduction of his sentence pursuant to President Joe Biden's October 6, 2022,

Executive Order ("October 6 Order") granting a complete and unconditional pardon to all U.S. citizens and lawful permanent residents who have been convicted of a simple possession of marijuana offense in violation of 21 U.S.C. § 844. (Def.'s Mot. 3-5, ECF No. 58.) Guerrier relies on the October 6 Order to contend that his Florida state conviction for possession of marijuana should be pardoned and that this qualifies as an extraordinary and compelling reason warranting a compassionate reduction of his sentence. (*Id.* at 6-8.) In sum, he reasons that because the October 6 Order allows the Court to disregard a prior federal conviction for simple possession of marijuana, the Court can, and should, also disregard a similar state law conviction for purposes of determining his sentencing guideline range. (*Id.*)  The Court finds Guerrier's arguments unavailing.

First, the October 6 Order specifically pardons offenses of a federal statute and has no direct impact on Guerrier's state law conviction for marijuana possession. Guerrier's arguments to the effect that the October 6 Order should also apply to his 2010 Florida conviction for possession of marijuana constitute legal arguments aimed at that conviction and are inappropriately raised in a motion for compassionate release. While Guerrier may seek to extend the October 6 Order to his 2010 conviction through other means, the Court cannot now rely on the October 6 Order to recalculate his sentencing guideline range.

Further, even when considered in the framework of a § 3582(c)(1)(A) motion for compassionate release, Guerrier's reasons plainly do not fall within the extraordinary and compelling grounds contemplated by the statute. Extraordinary and compelling reasons are generally circumscribed to serious medical and physical conditions affecting the health of a defendant or his close family members. *See* U.S.S.G. § 1B1.13; *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021) ("[W]e hold that 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."). Guerrier's argument for compassionate release bears no relation to any reason that may qualify.

Finally, because the Court finds that Guerrier's failure to establish extraordinary and compelling reasons is dispositive, it need not reach the Government's argument that Guerrier has not shown the § 3553(a) factors warrant a sentence reduction.

Accordingly, the Court **denies** Guerrier's motion for compassionate release. (**ECF No. 58**.)

**Done and ordered** at Miami, Florida, on February 2, 2023.

Robert N. Scola, Jr.
United States District Judge