United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, )<br>Plaintiff )<br> )<br>v. )<br> )<br>Sonny Guerrier, )<br>Defendant. ) | Criminal Case No. 21-20455-CR-Scola |

**Order Denying Motion for Sentence Reduction**

  This matter is before the Court on Defendant Sonny Guerrier's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Def.'s Mot., ECF No. 67.) The Government has responded in opposition (Gov't's Resp., ECF No. 69) but Guerrier has not replied, and the time do so has passed. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **denies** Guerrier's motion for a reduction of his sentence. (**ECF No. 67**.)

1. **Background**

  On January 12, 2022, Guerrier pleaded guilty to one count, of a three-count indictment, of being in possession of multiple firearms as a convicted felon, in violation of 18 U.S.C. § 922(g). (Plea Agmt., ECF No. 47; Factual Proffer, ECF No. 48.) Guerrier's Presentence Investigation Report ("PSI") calculated his total offense level at 27. (Gov't's Resp. at 1.) Because Guerrier had prior convictions for battery (2013) and marijuana possession (2010), he received a criminal history category of II. (*Id.* at 1–2.) Based on his offense level and criminal history category, Guerrier's guideline range was 78 to 97 months. (*Id.*) The Court sentenced Guerrier to the top of the guidelines: 97 months, as well as three years of supervised release. (J., ECF No. 55.) Guerrier's projected release date, according to the Bureau of Prisons database, is August 27, 2028. (Gov't's Resp. at 2.)

  Since Guerrier was sentenced, the United States Sentencing Commission issued sentencing adjustments for certain offenders that lower certain guidelines ("Amendment 821"). Part A of Amendment 821 reduces the number of status points added to a defendant's criminal history score if he commits an offense while under supervised release, from two points to one point. § 4A1.1(e). Part B relates to "adjustments for certain zero-point offenders" and is

applicable if the "defendant did not receive any criminal history points from Chapter 4, Part A," among other criteria. § 4C1.1. And, Part C, which Guerrier appears to rely on, at least in part, provides that a "downward departure from the defendant's criminal history category may be warranted" if the "defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person." 88 Fed. Reg. 28254-01, 2023 WL 3199918 at *28272; § 4A1.3.

Additionally, on October 6, 2022, six months after Guerrier was sentenced, President Joe Biden issued an executive order granting a complete and unconditional pardon to all United States citizens and lawful permanent residents who have been convicted of a simple possession of a marijuana offense in violation of 21 U.S.C. § 844. Proclamation No. 10467, 87 Fed. Reg. 61,441 (Oct. 6, 2022) (the "October 6 Order").

Guerrier now seeks retroactive application of Part C and the October 6 Order, proposing a revised sentencing of 87 months or lower.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582. Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, if both conditions are met, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

The Sentencing Commission has determined that parts A and B of Amendment 821—§ 4A1.1(e) and § 4C1.1—apply retroactively. U.S.S.G. § 1B1.10(d). There is no indication, however, that the Sentencing Commission

intended Part C—§ 4A1.3—to apply retroactively. *See United States v. Leverett*, 17-20845, 2024 WL 497056, at *1 (E.D. Mich. Feb. 8, 2024) ("The Sentencing Commission has not, however, stated an intention to apply . . . Part C[] retroactively."); *United States v. Phillips*, 1:18-CR-00106-2-MAC, 2023 WL 8483905, at *1 (E.D. Tex. Nov. 15, 2023), *rep. & rec. adopted,* 1:18-CR-106-2-MAC, 2023 WL 8478005 (E.D. Tex. Dec. 7, 2023) ("Part C of this amendment was not made retroactive like Parts A and B of the amendment").

### 3. Analysis

As an initial point, Guerrier's motion fails under Part C of Amendment 821. As set forth in Part C, a "downward departure from the defendant's criminal history category may be warranted" where, among other circumstances, "[t]he defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person." U.S.S.G. § 4A1.3. Notably, Part C "does not expunge simple possession of marijuana convictions nor does it exclude them from consideration in calculating a defendant's criminal history score and category." *Phillips*, 2023 WL 8483905, at *1. Indeed, "a downward departure under this guideline is only discretionary," in that, at most, it "*may* be warranted." *Id.* (emphasis added) (quoting U.S.S.G. § 4A1.3).

More importantly, however, as set forth above, there is no indication, and Guerrier has provided no support otherwise, that the Sentencing Commission intended Part C (§ 4A1.3) to apply retroactively. And since this amendment went into effect on November 1, 2023, a year and a half after Guerrier was sentenced, he may not receive a reduction under Part C.

Next, to the extent Guerrier argues "that his marijuana conviction should be expunged due to the President's proclamation that pardons the offense of simple possession of marijuana, this argument also lacks merit." *Phillips*, 2023 WL 8483905, at *2 (citing the October 6 Order). The October 6 Order "only pardons convictions for possession of marijuana 'in violation of Federal law or in violation of D.C. Code 48–904.01(d)(1), and not any other offenses related to marijuana or other controlled substances' and notes that 'no language herein shall be construed to pardon any person for any other offense.'" *Id.* (quoting the October 6 Order). Guerrier was convicted under *Florida* law, in 2010, for possession of marijuana. (Def.'s Mot. for Comp. Rel., ECF No. 58, 6–8; Gov't's Resp. to Mot. for Comp. Rel., ECF No. 59, 3–4; Order on Mot. for Comp. Rel., ECF No. 61, 2.) Accordingly, the October 6 Order has no direct impact, at least through Amendment 821, on Guerrier's conviction. *See United States v. Galloway*, 1:18CR108-HSO-JCG-1, 2023 WL 3659770, at *3 (S.D. Miss. May 25, 2023) (noting that, since the defendant's "convictions for possession of

marijuana arose from violations of Mississippi law," rather than the Controlled Substances Act under federal law, none of those convictions "were impacted by the proclamation").

Since there is no applicable amendment that would lower Guerrier's guidelines range and no showing that any reduction would be consistent with an applicable policy statement, the Court need not consider the § 3553(a) factors.

### 4. Conclusion

For the reasons set forth above, the Court **denies** Guerrier's motion for a reduction of his sentence (**ECF No. 67**).

**Done and ordered** at Miami, Florida on March 26, 2024.

Robert N. Scola, Jr.
United States District Judge